## MOHINDER P. CHADHA *v.* CHARLOTTE HUNGERFORD HOSPITAL ET AL.
### (AC 26971)

Gruendel, Lavine and Hennessy, Js.

Argued May 25—officially released September 19, 2006

*Mohinder P. Chadha*, pro se, the appellant (plaintiff).

*Amy F. Goodusky*, for the appellees (defendants).

*Opinion*

LAVINE, J. The plaintiff, Mohinder P. Chadha,[1] whose license to to practice psychiatry had been suspended,

---

[1] The plaintiff has proceeded pro se in both the trial court and on appeal.

appeals from the summary judgment rendered by the trial court in favor of the defendants, Charlotte Hungerford Hospital (hospital), Samuel Langer, Michael Kovalchik, Justin O. Schechter and Robert Stine.[2] On appeal, the plaintiff claims that the court (1) abused its discretion when it granted the defendants permission to file a renewed motion for summary judgment, (2) mistakenly concluded that the defendants' renewed motion for summary judgment was not barred by the doctrines of res judicata and collateral estoppel, and (3) improperly granted the defendants' renewed motion for summary judgment as to all four counts of his amended complaint, which sought damages on the basis of defamation. We disagree with the plaintiff's arguments and, accordingly, affirm the judgment of the trial court.

The following relevant facts and procedural history are set forth in the court's memorandum of decision filed August 19, 2005. "The plaintiff . . . filed this action for defamation in April, 1999. The essence of the original claim was that the defendants filed false reports about the plaintiff's fitness to practice medicine to the National Practitioner Data Bank [data bank] and the Connecticut department of public health [department], which led to the loss of the plaintiff's medical license.

"Although the original complaint contained twenty-one counts, the court, *DiPentima, J.*, granted motions to dismiss and to strike, which reduced the counts to four, one as to each of the physician defendants. In February, 2001, the defendants filed a motion for summary judgment in which they asserted that (1) federal law clothes them with qualified immunity from suit for defamation as a result of reports to the [data bank]

---

[2] The hospital is named as a defendant in this lawsuit under the theory of respondeat superior. We hereinafter refer to the hospital, Langer, Kovalchik, Schechter and Stine collectively as the defendants.

about the fitness of another physician, (2) state law clothes them with absolute immunity from suit for defamation as a result of reports to the [department] about the fitness of another physician and (3) even if the defendants only have qualified immunity, the plaintiff had not shown that he would be able to prove malice at trial. Neither party filed supporting affidavits on the issue of malice. The court, *Cremins*, *J.*, found that (1) summary judgment must be granted as to the reports made to the [data bank] because the plaintiff had failed to overcome a presumption created by federal law that any report to the [data bank] met the standards for immunity, (2) the [defendants] had qualified immunity, not absolute immunity, under state law with regard to the reports to the [department], and (3) summary judgment as to the reports to the [department] must be denied because, unlike federal law, which creates a presumption in the defendants' favor, state law as set forth in Practice Book [§ 17-45] requires the defendants to support their motion with affidavits or other documentation. Judge Cremins' memorandum of decision provides in part: 'The problem is that the [defendants have] not submitted any documents supporting their position as required by Practice Book § 17-45 et seq. . . . While the defendants are correct in claiming that the plaintiff failed to present proof of actual malice, they have not met their burden under [our rules of practice] on a motion for summary judgment. They have failed to offer any proof to counter the allegations of malice against [the defendants].'

"The defendants appealed from the trial court's denial of summary judgment as to reports to the [department]. In *Chadha* v. *Charlotte Hungerford Hospital*, 77 Conn. App. 104, 822 A.2d 303 (2003), aff'd, 272 Conn. 776, 865 A.2d 1163 (2005), the Appellate Court affirmed the [judgment of the] trial court and found that [General

Statutes] §§ 19a-17b[3] and 19a-20[4] provide the defendants with qualified immunity, not absolute immunity, which can be overcome by proof of malice. With respect to the defendants' alternative claim that the plaintiff had not submitted any evidence of actual malice, the Appellate Court [concluded] that the trial court's denial of the defendants' motion on this basis was not an appealable issue. *Chadha* v. *Charlotte Hungerford Hospital*, supra, 121–22. In *Chadha* v. *Charlotte Hungerford Hospital*, 272 Conn. 776, 865 A.2d 1163 (2005), the Supreme Court affirmed the Appellate Court['s] [decision]. Following the Supreme Court's decision, the case was assigned for trial. Prior to the trial, the defendants moved for permission to file a new motion for summary judgment. Permission was granted on July 8, 2005."

On July 5, 2005, the defendants filed a renewed motion for summary judgment with respect to all four counts of the plaintiff's amended complaint. In support of their renewed motion, the defendants argued that the plaintiff did not submit any evidence that the defendants

---

[3] General Statutes § 19a-17b (b) provides: "There shall be no monetary liability on the part of, and no cause of action for damages shall arise against, any person who provides testimony, information, records, documents, reports, proceedings, minutes or conclusions to any hospital, hospital medical staff, professional society, medical or dental school, professional licensing board or medical review committee when such communication is intended to aid in the evaluation of the qualifications, fitness or character of a health care provider and does not represent as true any matter not reasonably believed to be true."

[4] General Statutes § 19a-20 provides in relevant part: "No member of any board or commission subject to the provisions of chapter 368v, chapters 369 to 375, inclusive, 378 to 381, inclusive, 383 to 388, inclusive, 398 and 399, including a member of a medical hearing panel established pursuant to subsection (g) of section 20-8a, and no person making a complaint or providing information to any of such boards or commissions of the Department of Public Health as part of an investigation pursuant to section 19a-14, or a disciplinary action pursuant to section 19a-17, shall, without a *showing of malice*, be personally liable for damage or injury to a practitioner arising out of any proceeding of such boards and commissions or department. . . ."

acted with malice. In opposition to the motion, the plaintiff countered with the argument that the defendants were barred from submitting a renewed motion for summary judgment on the basis of the doctrines of res judicata and collateral estoppel. The plaintiff further argued that the defendants could not satisfy the standards for summary judgment and that they had acted with malice.

On August 19, 2005, the court, *Pickard, J.,* rendered summary judgment as to all four counts of the plaintiff's amended complaint. Specifically, Judge Pickard determined that the plaintiff had failed to "present the necessary factual predicate to raise a general issue of material fact as to whether any of the defendants acted with malice . . . ." Judge Pickard further concluded that because the defendants' first motion for summary judgment was not decided on the merits, but was decided due to the defendants' failure to offer proof countering the plaintiff's allegations of malice, the doctrine of res judicata did not bar the defendants from submitting a renewed motion for summary judgment on the same grounds. This appeal followed. Additional facts will be provided where necessary.

I

The plaintiff first claims that the court abused its discretion in granting the defendants permission to file a renewed motion for summary judgment. We are not persuaded.

We first set forth the standard of review. "The summary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. . . . It is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial. . . . [I]t is within the trial court's discretion to consider a renewed motion for summary

judgment that has previously been denied where . . . additional or new evidence has been submitted which was not before the court in ruling upon the earlier motion for summary judgment." (Citations omitted; internal quotation marks omitted.) *Mac's Car City, Inc.* v. *American National Bank*, 205 Conn. 255, 261–62, 532 A.2d 1302 (1987). Because this determination is within the trial court's discretion, it may be overturned on appeal only if the court abused that discretion.

In the present case, the defendants each submitted an affidavit with their renewed motion for summary judgment in support of their position that they did not act with malice when they made statements to the department concerning the plaintiff's medical competency. That submission constituted new evidence and provided support for the defendants' claim that there was no genuine issue of material fact as to whether the defendants acted with malice. Without a showing of actual malice, the plaintiff's defamation claim could not go forward. See *Chadha* v. *Charlotte Hungerford Hospital*, supra, 272 Conn. 776. As Judge Pickard stated in his memorandum of decision, "[i]t makes sense to determine if there is an issue of material fact as to the defendants' qualified immunity. A jury trial of this case would be time-consuming and expensive for the court, citizen-jurors and other parties. All parties will benefit if the case can be resolved by summary judgment." We conclude that the court did not abuse its discretion when it permitted the defendants to file a renewed motion for summary judgment.

II

The plaintiff next claims that the court improperly concluded that the doctrines of res judicata and collateral estoppel did not bar the defendants' renewed motion for summary judgment. We disagree.

Whether the court properly declined to invoke the doctrines of res judicata and collateral estoppel is a question of law over which our review is plenary. See *Corcoran* v. *Dept. of Social Services*, 271 Conn. 679, 688, 859 A.2d 533 (2004). "The term res judicata is often employed to refer to the related doctrines of claim preclusion and issue preclusion. . . . Claim preclusion . . . and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved. . . . The preclusive effect of these two doctrines, however, is substantially different. [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion prevents a party from relitigating an issue that has been determined in a prior suit." (Citations omitted; internal quotation marks omitted.) *Advest, Inc.* v. *Wachtel*, 235 Conn. 559, 565–66, 668 A.2d 367 (1995); see also *Trinity United Methodist Church of Springfield, Massachusetts* v. *Levesque*, 88 Conn. App. 661, 671, 870 A.2d 1116, cert. denied, 274 Conn. 907, 908, 876 A.2d 1200 (2005). Although the plaintiff uses the terms res judicata and collateral estoppel interchangeably throughout his brief, he is essentially asserting a collateral estoppel argument.[5]

"The fundamental principles underlying the doctrine of collateral estoppel are well established. The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be

---

[5] We note as well that the plaintiff did not raise both a res judicata and collateral estoppel argument in the trial court. Rather, he argued that collateral estoppel applied to the facts of the case.

litigated between the same parties in any future lawsuit.
. . . Issue preclusion arises when an issue is actually
litigated and determined by a valid and final judgment,
and that determination is essential to the judgment.
. . . Thus, the issue must have been fully and fairly
litigated in the first action. . . . Collateral estoppel
express[es] no more than the fundamental principle
that once a matter has been fully and fairly litigated,
and finally decided, it comes to rest. . . .

"An issue is actually litigated if it is properly raised
in the pleadings or otherwise, submitted for determina-
tion, and in fact determined. . . . An issue is necessar-
ily determined if, in the absence of a determination of
the issue, the judgment could not have been validly
rendered. . . . If an issue has been determined, but the
judgment is not dependent upon the determination of
the issue, the parties may relitigate the issue in a subse-
quent action." (Internal quotation marks omitted.)
*LaBow* v. *Rubin*, 95 Conn. App. 454, 461–62, 897 A.2d
136 (2006).

The defendants' first motion for summary judgment
as to the defamation claim for statements made to the
department was denied by the court on the basis of the
defendants' failure "to offer any proof to counter the
allegations of malice against [the defendants]." In their
first motion, the defendants relied primarily on a
defense of absolute immunity. With respect to their
claim of qualified immunity, they argued that the plain-
tiff had failed to establish that the defendants acted
with malice. By failing to provide affidavits or other
documentation as required by Practice Book § 17-45 et
seq., the defendants were unable to support their latter
position.[6] The plaintiff claims that the court's denial of

---

[6] As stated previously, the trial court had properly determined that General Statutes §§ 19a-17b and 19a-20 provided the defendants with qualified immu-
nity and not absolute immunity. See *Chadha* v. *Charlotte Hungerford Hospi-
tal*, supra, 272 Conn. 776.

the defendants' first motion for summary judgment in and of itself is enough to preclude the defendants from seeking to establish the absence of malice in the renewed motion for summary judgment. The plaintiff's reasoning runs contrary to our established law. "To assert successfully the doctrine of issue preclusion . . . a party must establish that the issue sought to be foreclosed *actually was litigated and determined in the prior action* between the parties or their privies, and that the determination was essential to the decision in the prior case." (Emphasis added; internal quotation marks omitted.) *Rocco* v. *Garrison,* 268 Conn. 541, 554–55, 848 A.2d 352 (2004).[7] Because the defendants' first motion for summary judgment was not decided on the merits, the issue of whether the defendants acted with malice was neither "fully and fairly litigated" nor "finally decided . . . ." (Internal quotation marks omitted.) *LaBow* v. *Rubin,* supra, 95 Conn. App. 461. For those reasons, the plaintiff's argument must fail.

## III

The plaintiff's final claim on appeal is that the court improperly granted the defendants' renewed motion for summary judgment. In support of this contention, the plaintiff puts forth the following assertions: (1) the defendants ignored certain rules of practice by not setting forth any facts, evidence or other supporting documentation; (2) the court improperly ignored the standards for granting a motion for summary judgment because whether malice exists is an issue of fact that should not be decided on a motion for summary judgment; and (3) in opposition to the defendants' renewed

[7] As Judge Pickard noted in his memorandum of decision: "Although it would have been preferable for the defendants to have submitted affidavits in support of their alternative ground that the plaintiff could not prove malice, the defendants had a good faith argument that they were clothed with absolute immunity, which would eliminate their need to submit any affidavits."

motion for summary judgment, the plaintiff presented a factual predicate to raise a genuine issue of material fact as to whether the defendants acted with malice. We disagree.

Our standard of review regarding a trial court's decision on a motion for summary judgment is well established. "Practice Book § 17-49 provides in relevant part that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *LaBow* v. *Rubin*, supra, 95 Conn. App. 460–61.

In order to prevail on his defamation claim, the plaintiff must prove that the defendants acted with actual malice when they submitted their statements to the department. *Chadha* v. *Shimelman*, 75 Conn. App. 819, 826, 818 A.2d 789, cert. denied, 264 Conn. 909, 826 A.2d 180 (2003). "Actual malice requires that the statement, when made, be made with actual knowledge that it was false or with reckless disregard of whether it was false.

. . . A negligent misstatement of fact will not suffice; the evidence must demonstrate a purposeful avoidance of the truth." (Internal quotation marks omitted.) Id., 827. "Malice in fact is sufficiently shown by proof that the publications were made with improper and unjustifiable motives." *State* v. *Whiteside*, 148 Conn. 208, 212, 169 A.2d 260, cert. denied, 368 U.S. 830, 82 S. Ct. 52, 7 L. Ed. 2d 33 (1961); see also *Bleich* v. *Ortiz*, 196 Conn. 498, 504, 493 A.2d 236 (1985).

The plaintiff's contention that the defendants failed to provide any facts to support their renewed motion is not borne out by the record. Along with their renewed motion for summary judgment, the defendants submitted individual affidavits. All of the affidavits, in essence, stated that the defendants previously had filed affidavits expressing opinions on the standard of care of treatment provided by the plaintiff in response to an investigation being conducted by the department. In the affidavits filed in support of the motion for summary judgment, the defendants attested that Kovalchik, Langer and Stine were acting within the scope of their administrative duties at the hospital and that Schechter was acting as an independent reviewer, under the ambit of quality assurance and peer review.[8] The affidavits further recite that the defendants acted in good faith and that they did not at any time "willfully, deliberately or with malice aforethought submit any false allegations . . . ."[9] As required by Practice Book § 17-46, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would

---

[8] In the affidavits, the defendants attested, inter alia, to the following: During the time period in question, Kovalchik served in the capacity of president of the medical staff of the hospital; Schechter served as director of the outpatient division department of psychiatry for Stamford Hospital; Langer served as the chairman of the department of psychiatry at the hospital; and Stine served as director of inpatient services for the department of psychiatry at the hospital.

[9] Kovalchik, Langer and Stine also attested in their affidavits that they did not economically benefit from their actions.

be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." The affidavits submitted by the defendants in support of their renewed motion for summary judgment adequately set forth facts that established the absence of any malice and fully complied with our rules of practice.

The plaintiff's final assertions in support of his claim are that intent is a factual issue that should not be decided on a motion for summary judgment and that he presented a factual predicate to raise a genuine issue of material fact as to whether the defendants acted with malice.[10] Because those arguments are intertwined, we discuss them together.

"We note that summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated. . . . The summary judgment rule would be rendered sterile, however, if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion. . . . [E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." (Internal quotation marks omitted.) *Gagnon* v. *Housatonic Valley Tourism District Commission*, 92 Conn. App. 835, 842, 888 A.2d 104 (2006).

The defendants supported their renewed motion for summary judgment with sufficient evidence, in the form

[10] The plaintiff claims that in concluding that there was no genuine issue of material fact, the court made medical determinations that it was not qualified to make. This argument has little merit. It was not necessary for the court to make a medical determination in order to determine whether there was a genuine issue of material fact as to whether the defendants acted with malice.

of affidavits, to establish that there was no genuine issue of material fact as to whether they acted with malice when they made statements to the department regarding the plaintiff's medical competency. The plaintiff claims that the assertions made in his July 14, 2005 affidavit in opposition to the renewed motion for summary judgment, coupled with the fact that he was exonerated of the defendants' allegations, are sufficient to create a genuine issue of material fact on the issue of malice. We do not agree.

In opposing summary judgment, the plaintiff relies on his own conclusory statements and personal assessment of the motives of the defendants in attempting to demonstrate that a "genuine issue as to any material fact" exists.[11] Practice Book § 17-49. The plaintiff's opinions and assertions about the motives of the defendants, however, are not sufficient to establish "facts as would be admissible in evidence," as required by Practice Book § 17-46. Once the defendants offered evidence of the absence of malice, it was incumbent on the plaintiff to refute that evidence. See id. He failed to do so.

Even if one assumes that the plaintiff was exonerated of the defendants' allegations against him, that fact is not relevant to the issue of whether the defendants acted with malice when they made the statements that form the basis of the plaintiff's claim. As noted, the operative question is not whether the defendants' statements about the care provided by the plaintiff were

[11] For example, in the plaintiff's affidavit he attested, inter alia, to the following: Schechter did not submit any evidence in support of his statements made in his affidavits to show that the allegations against the plaintiff were true; Schechter was aware that there were no occurrences of any negligent or incompetent care in the plaintiff's file; Langer did not submit any evidence in support of his statements made in his affidavit concerning the plaintiff; and that after a full investigation, the board did not find the defendants' assertions to be true, and the plaintiff was exonerated of all the charges of inability to practice medicine with skill and surgery.

inaccurate or negligently made, or whether their assessments of him were accepted by the department. Proof of malice requires far more than proof of negligence or proof of disagreement. See *Chadha* v. *Shimelman,* supra, 75 Conn. App. 827.

We conclude that the court properly determined that there was no genuine issue of material fact with regard to whether the defendants acted with malice. Accordingly, the court properly decided, as a matter of law, to grant the defendants' renewed motion for summary judgment.[12]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[12] The plaintiff also claims that by granting the renewed motion for summary judgment, the court denied him his right to a trial by jury. In light of our conclusion that the court properly granted the defendants' renewed motion for summary judgment, this claim is rejected.