TUCCIO DEVELOPMENT, INC. *v.*
HARRY NEUMANN, JR.
(AC 29598)

Gruendel, Robinson and Lavery, Js.

Argued February 19—officially released April 28, 2009

*John R. Williams*, for the appellant (plaintiff).

*Charles E. Vermette, Jr.*, with whom, on the brief, was *Christopher J. Sochacki*, for the appellee (defendant).

### Opinion

GRUENDEL, J. The plaintiff, Tuccio Development, Inc., appeals from the summary judgment rendered by the trial court in favor of the defendant, Harry Neumann, Jr. The plaintiff claims that the court improperly concluded that there was no genuine issue of material fact, thus entitling the defendant to judgment as a matter of law. We affirm the judgment of the trial court.

This appeal concerns certain real estate records. The plaintiff, a residential real estate development corporation, contracted with the defendant, a licensed Realtor, to market and sell residential properties for the plaintiff from 2000 through 2002. In its complaint, the plaintiff alleged that the defendant created files and records concerning Lot 2, Teahouse Lane in Ridgefield, and Lot 5, North Street in Ridgefield, pursuant to that contract. Those records allegedly "were and remain the property of the plaintiff." The complaint further alleged that, in 2005, the plaintiff requested that the defendant surrender those files and records to the plaintiff, but the defendant refused. The plaintiff thereafter commenced the present action in February, 2006. Its complaint consisted of two counts alleging statutory theft pursuant to General Statutes § 52-564 and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.

On October 26, 2007, the defendant filed a motion for summary judgment, alleging that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. Specifically, the defendant averred that there was no evidence before the court that he intended to deprive the plaintiff of its property, a necessary prerequisite to recovery.[1] In support of the motion, the defendant submitted (1) his affidavit, (2) the affidavit of the attorney who represented him at the time the plaintiff requested the aforementioned records, (3) copies of correspondence submitted by the plaintiff and its counsel to the defendant and his attorney, and the responses thereto, and (4) a copy of the plaintiff's responses to interrogatories and requests for production. The plaintiff did not submit any documentation in support of its memorandum of law in opposition to the

[1] The defendant's motion for summary judgment also alleged that the action was time barred under General Statutes § 52-577. The court did not reach that issue.

motion for summary judgment. In its January 18, 2008 memorandum of decision, the court found that "[t]he evidence submitted to the court on the summary judgment motion is devoid of any record or reference of the defendant's having intended to take, obtain or withhold any property of the plaintiff." As such, it concluded that no genuine issue of material fact existed as to the statutory theft count. Because the CUTPA count was predicated entirely on the alleged statutory theft, the court reached the same determination as to that count. Accordingly, the court concluded that the defendant was entitled to judgment as a matter of law. This appeal followed.

Summary judgment is appropriate where "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). "A material fact is a fact that will make a difference in the result of the case. . . . [T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment. . . . It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings to show the absence of any material dispute." (Citation omitted; internal quotation marks omitted.) *Barasso* v. *Rear Still Hill Road, LLC*, 81 Conn. App. 798, 803, 842 A.2d 1134 (2004).

Once met, the burden shifts to "the party opposing such a motion [to] provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Bednarz* v. *Eye Physicians of Central Connecticut, P.C.*, 287 Conn. 158, 169, 947 A.2d 291 (2008). When deciding a motion for summary judgment, "the trial court must view the

evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, 284 Conn. 193, 198, 931 A.2d 916 (2007). Finally, we note that because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary. Id., 199.

The plaintiff contends that the court improperly granted the defendant's motion for summary judgment because there exist genuine issues of material fact regarding its allegation of statutory theft. We disagree.

"Statutory theft under § 52-564 is synonymous with larceny under General Statutes § 53a-119." (Internal quotation marks omitted.) *Deming* v. *Nationwide Mutual Ins. Co.*, 279 Conn. 745, 771, 905 A.2d 623 (2006). A person commits larceny pursuant to § 53a-119 "when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ." General Statutes § 53a-119; *Mystic Color Lab, Inc.* v. *Auctions Worldwide, LLC*, 284 Conn. 408, 418 n.14, 934 A.2d 227 (2007).

In moving for summary judgment, the defendant alleged that no genuine issue of material fact existed as to whether he intended to deprive the plaintiff of its property. The defendant provided evidence outside the pleadings to substantiate that allegation. Appended to his motion for summary judgment was the defendant's sworn affidavit, in which he stated, inter alia, that he "had no intent to deprive the [p]laintiff of any materials . . . ." Also accompanying the motion was a series of correspondences between the parties, which the court aptly detailed in its memorandum of decision: "Although several of the letters [sent to the defendant] by the plaintiff in 2005 clearly constitute a request for the return of files and records, none of the responses

from either the defendant or his attorney constitute a refusal of the request. The plaintiff's initial request of September 14, 2005, addressed to the defendant reads: This is a request for any and all documents related to the above captioned property to which you had listed between the years 2000 and 2001. We expect copies of everything, contemporaneous notes on conversations, offers, etc. Please send it to my attention at the address below in the next fifteen (15) days. . . . The defendant's response of September 16, 2005, simply instructed the plaintiff to direct his request through the company's attorney, Zeisler and Zeisler. . . . Thereafter, on September 20, 2005, counsel for the plaintiff wrote to the defendant's counsel about Lot #2, Teahouse Lane, in accordance with the plaintiff's instructions. . . . On September 22, 2005, the plaintiff's counsel wrote to the defendant's counsel to request documents relative to Lot #5, North Street. . . . As to the September 20, 2005 letter, the defendant's counsel responded by letter of September 23, 2005, which said: Thank you for your letter of September 20, 2005. We will see if in fact there is any file from this transaction which apparently is four or five years old. Can you please advise as to the reason for your request at this late date. . . . As to the September 22, 2005 letter, the defendant's counsel responded by letter of September 27, 2005, which said: We are looking for the documents requested in your September 22nd letter, but can you please tell me why at this late date you are asking for same. . . . Following that letter, neither the defendant's counsel nor the defendant ever received a response from the plaintiff to the inquiry made in either [the September 20 or 27, 2005] letters. The next act of the plaintiff was the filing of its complaint initiating this action."

In addition, the defendant submitted the sworn affidavit of Richard D. Zeisler, counsel for the defendant. In

that affidavit, Zeisler stated that "[o]n March 13, 2006, I wrote [to counsel for the plaintiff] regarding receiving no response to my September 27, 2005 letter asking what the basis for the claim to the documents was. In this March 13, 2006 letter, I stated that if [the defendant] retained any records from the closed transactions, to please identify the documents and the basis for the claim to the documents. On behalf of [the defendant], I offered to have any documents that had been forwarded to [the defendant] by the [p]laintiff returned provided the requested documents were identified." The affidavit further stated that "neither [the defendant] nor . . . Zeisler was ever advised by the plaintiff which specific documents were being sought."

Despite its burden to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact; *Bednarz* v. *Eye Physicians of Central Connecticut, P.C.,* supra, 287 Conn. 169; the plaintiff provided no evidence in support of its opposition to the motion for summary judgment. In its appellate brief, the plaintiff suggested that "[i]t is a reasonable inference from the fact that repeated demands for the surrender of one's property have been unsuccessful that the defendant has the requisite intent to deprive the plaintiff of its property." That assertion relies not on an evidentiary foundation but, rather, on conjecture. "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Internal quotation marks omitted.) *DaGraca* v. *Kowalsky Bros., Inc.,* 100 Conn. App. 781, 792, 919 A.2d 525, cert. denied, 283 Conn. 904, 927 A.2d 917 (2007). The assertion also is undermined by the defendant's apparent willingness to comply with the plaintiff's request pending further specificity, as indicated in the letters furnished to the court. Furthermore, although the plaintiff argues on appeal that "the complaint is adequate to state a claim for theft," we

note that "unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact." (Internal quotation marks omitted.) *Rockwell* v. *Quintner*, 96 Conn. App. 221, 229, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006).

The plaintiff also maintains that the trial court never may render summary judgment on an issue involving intent. That contention is neither novel nor an accurate statement of Connecticut law. See, e.g., *Wadia Enterprises, Inc.* v. *Hirschfeld*, 224 Conn. 240, 250, 618 A.2d 506 (1992); *Chadha* v. *Charlotte Hungerford Hospital*, 97 Conn. App. 527, 539, 906 A.2d 14 (2006); *12 Havemeyer Place Co., LLC* v. *Gordon*, 93 Conn. App. 140, 156–58, 888 A.2d 141 (2006). It is true that as a general matter, summary judgment is considered inappropriate when an individual's intent and state of mind are implicated. See *Town Bank & Trust Co.* v. *Benson*, 176 Conn. 304, 309, 407 A.2d 971 (1978). At the same time, "even with respect to questions of . . . intent . . . the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." *Wadia Enterprises, Inc.* v. *Hirschfeld*, supra, 250. When a party opposing a motion for summary judgment has failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact concerning intent, summary judgment is appropriate. *DaCruz* v. *State Farm Fire & Casualty Co.*, 268 Conn. 675, 690 n.14, 846 A.2d 849 (2004); *Wadia Enterprises, Inc.* v. *Hirschfeld*, supra, 250; *Martinez* v. *Southington Metal Fabricating Co.*, 101 Conn. App. 796, 807, 924 A.2d 150, cert. denied, 284 Conn. 930, 934 A.2d 246 (2007); *Jaser* v. *Fischer*, 65 Conn. App. 349, 356–57, 783 A.2d 28 (2001).

On the pleadings, affidavits and other proof submitted, the court determined that "[t]he evidence submitted to the court on the summary judgment motion is

devoid of any record or reference of the defendant's having intended to take, obtain or withhold any property of the plaintiff." Considered in the light most favorable to the plaintiff, we agree. The plaintiff failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. We therefore conclude that summary judgment was appropriate in the present case.

The judgment is affirmed.

In this opinion the other judges concurred.