WILLIAM P. MARA, JR., ET AL. *v.* KAREN OTTO
(AC 31833)

Lavine, Beach and Alvord, Js.

Argued January 5—officially released March 22, 2011

*Suzan M. Mara,* pro se, with whom, on the brief, was *William P. Mara, Jr.,* pro se, the appellants (plaintiffs).

*James C. Riley,* with whom, on the brief, was *James A. Fulton,* for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiffs, William P. Mara, Jr., and Suzan M. Mara, appeal from the summary judgment rendered by the trial court in favor of the defendant, Karen Otto, as to William Mara's claim and the resulting dismissal of Suzan Mara's derivative claim. See footnote 1 of this opinion. On appeal, the plaintiffs claim that the court erred in concluding that no genuine issue of material fact existed as to whether the defendant's allegedly defamatory statements regarding William Mara were made with malice. We affirm the judgment of the trial court.

The record, viewed in the light most favorable to the plaintiffs; see *Heyse* v. *Case,* 114 Conn. App. 640, 645, 971 A.2d 699, cert. denied, 293 Conn. 905, 976 A.2d 705 (2009); reveals the following facts and procedural history. William Mara is a dentist with a specialty in periodontics. Prior to September, 2004, the defendant was a regular patient of William Mara and had been treated by him frequently for a number of years. On September 26, 2004, the defendant requested an emergency appointment with William Mara to repair a dental bridge that had broken and had become detached. Later that same day, William Mara employed a procedure to correct the defendant's dental bridge that required the administration of nitrous oxide.

Later that week, the defendant went to the Greenwich police department and told a detective that on September 26, 2004, she underwent a dental procedure that

required the administering of nitrous oxide and that when the effects of the nitrous oxide began to wear off, she realized that William Mara was sexually assaulting her. The defendant also gave a written statement to this effect. The police then conducted an investigation regarding the defendant's accusation. The police questioned William Mara and administered a polygraph test to him, which he passed. On January 22, 2005, the Greenwich police advised the defendant that there would be no criminal charges brought against William Mara.

The plaintiffs commenced this action against the defendant in April, 2006. On August 24, 2006, the plaintiffs filed a revised complaint, alleging, inter alia, that the defendant's allegations of sexual assault made to the Greenwich police were false and defamatory and that Suzan Mara suffered loss of consortium with William Mara as a result.[1] On September 18, 2009, the defendant filed a motion for summary judgment, alleging that there was no genuine issue of material fact and that she was entitled to judgment as a matter of law. Specifically, the defendant contended that her statement to the Greenwich police was protected by a qualified privilege that could be overcome only by proof of actual malice and that there was no evidence before the court that she made the statements with a malicious intent. In support of the motion, the defendant submitted an affidavit in which she stated that her "written and oral statements made to the Greenwich [p]olice [d]epartment were truthful in all respects and were not made with malice." The defendant also submitted deposition testimony of William Mara. In response to a question

[1] Regarding the loss of consortium claim, the court stated that such a claim "is derivative in nature, and the right to pursue it depends on the viability of the predicate claim—in this case, the defamation claim by [William Mara]." Having granted the defendant's motion for summary judgment, the court dismissed the loss of consortium claim. The plaintiffs do not challenge this determination on appeal, and, thus, we need not address it.

posed by the defendant's counsel as to why William Mara believed that the defendant would falsely accuse him of sexual assault, he responded: "I don't know if it's . . . related to the [medication] that [the defendant] takes because they do have . . . consequences . . . as does the nitrous oxide . . . it's been documented that stuff like this can happen with [nitrous oxide]. But that's . . . the only thing that I could . . . think of. . . . [Nitrous oxide] can make you . . . hallucinate. It can make you . . . get out of a little bit of touch of reality and supposedly for some women they can have sexual fantasies under it."

On October 29, 2009, the plaintiffs filed an opposition to the defendant's motion for summary judgment. In support of the plaintiffs' opposition, William Mara submitted an affidavit in which he stated that the defendant's affidavit was "patently false in crucial respects," that her statement to the Greenwich police was a "complete fabrication" and that he had passed a polygraph test during a police investigation. William Mara later submitted a second affidavit that again asserted that the defendant's allegations were false, but he did not provide any information regarding malice. The plaintiffs also submitted a second memorandum of law in support of their opposition, arguing that "the very nature of [the defendant's] accusations and the uncontradicted fact that she made them to the police" is sufficient evidence for a jury reasonably to infer malicious intent.

On December 8, 2009, the court issued a memorandum of decision granting the defendant's motion for summary judgment. In its decision, the court stated that the plaintiffs' two memoranda of law in support of their opposition to summary judgment "simply state[d] that because [the defendant's] statements were false and potentially injurious, there must be an inference of malice. No authority is cited for this proposition." The court further reasoned that "[n]othing in either of [William

Mara's] affidavits is evidence of malice, and no sworn deposition testimony supporting a finding of malice has been presented." Therefore, the court granted the defendant's motion, concluding that "[n]o admissible evidence has been presented or disclosed in opposing the summary judgment motion that [the defendant] acted with actual malice, unjustifiably or improperly." This appeal followed.

On appeal, the plaintiffs claim that the court erred in determining that they did not present sufficient evidence to create a genuine issue of material fact as to whether the defendant's comments to the Greenwich police were made with malice. Specifically, the plaintiffs argue that the evidence that they presented to the court, in addition to the nature of the defendant's comments, was sufficient for a jury reasonably to infer that the defendant's statement was made with malice. We are not persuaded.

We begin by setting forth our standard of review. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue.

Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Bonington* v. *Westport*, 297 Conn. 297, 305, 999 A.2d 700 (2010).

Our Supreme Court has held that statements made to the police in connection with a criminal investigation, such as the defendant's statements in the present case, are entitled to protection by a qualified privilege. *Gallo* v. *Barile*, 284 Conn. 459, 467–68, 935 A.2d 103 (2007). Therefore, for the plaintiffs to prevail on their defamation claim, they must prove that the defendant made her statement with malice. *Hassett* v. *Carroll*, 85 Conn. 23, 35–36, 81 A. 1013 (1911) ("[o]ne publishing defamatory words under a qualified or conditional privilege is only liable upon proof of express malice"). "[T]he malice required to overcome a qualified privilege in defamation cases is malice in fact or actual malice." *Chadha* v. *Shimelman*, 75 Conn. App. 819, 826, 818 A.2d 789, cert. denied, 264 Conn. 909, 826 A.2d 180 (2003). "Actual malice requires that the statement, when made, be made with actual knowledge that it was false or with reckless disregard of whether it was false. . . . A negligent misstatement of fact will not suffice; the evidence must demonstrate a purposeful avoidance of the truth. . . . Malice in fact is sufficiently shown by proof that the publications were made with improper and unjustifiable motives." (Citation omitted; internal quotation marks omitted.) Id., 827.

The court properly concluded that the plaintiffs did not provide sufficient evidence to show that a genuine issue of material fact existed as to whether the defendant made her statement to the Greenwich police with malice. William Mara's affidavits simply stated that the

defendant's statement to the Greenwich police was a "complete fabrication" and that her affidavit was "patently false in crucial respects." The plaintiffs offered no admissible evidence from which the court reasonably could have concluded that a genuine issue of material fact existed as to whether the defendant had acted with malice. In fact, William Mara himself suggested at one point that perhaps the defendant may have accused him of sexual assault as a result of the side effects of the nitrous oxide. The only suggestions of malice that the plaintiffs provided were conclusory statements regarding the mental state of the defendant and assertions that her statement to the Greenwich police was false.[2] As this court previously has stated: "The plaintiff's opinions and assertions about the motives of the defendants . . . are not sufficient to establish facts as would be admissible in evidence, as required by Practice Book § 17-46. Once the defendants offered evidence of the absence of malice, it was incumbent on the plaintiff to refute that evidence." (Internal quotation marks omitted.) *Chadha* v. *Charlotte Hungerford Hospital*, 97 Conn. App. 527, 540, 906 A.2d 14 (2006). The plaintiffs failed to present evidence sufficient to avoid summary judgment. On this record, we are not willing to infer malice as the plaintiffs urge. Accordingly, we conclude that the court did not err in granting the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The plaintiffs argued before this court that the trial court should have considered copies of dental records that were not properly authenticated. We conclude that the court did not err in declining to consider the records.