******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ALVORD, J., concurring in part and dissenting in part. I join part II of the majority opinion. With respect to part I, I agree with the majority that the trial court improperly rendered summary judgment against the defendant Karin C. Eichten as to liability on the foreclosure complaint. I write separately, however, because I disagree with the majority's analysis and conclusions regarding the defendant's fifth and sixth special defenses, asserting unclean hands and breach of contract, respectively.[1] I would conclude that the defendant has demonstrated a genuine issue of material fact with respect to her breach of contract special defense, but has failed to demonstrate a genuine issue of material fact with respect to her unclean hands special defense.

I

With respect to the defendant's special defense of unclean hands, I disagree with the majority that the trial "court erred in concluding that there was no genuine issue of material fact as to whether the defendant can prevail on her special defense of unclean hands." The principle on which the case is decided is important, and will operate widely, so I feel that it is my duty to show the grounds upon which I differ. I would conclude that the defendant failed to meet her evidentiary burden to demonstrate a genuine issue of material fact that the doctrine of unclean hands should be invoked.

I first note that "[a]pplication of the doctrine of unclean hands rests within the sound discretion of the trial court. . . . The exercise of [such] equitable authority . . . is subject only to limited review on appeal. . . . The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of [the trial court's] action. . . . Whether the trial court properly interpreted the doctrine of unclean hands, however, is a legal question distinct from the trial court's discretionary decision whether to apply it." (Internal quotation marks omitted.) *Ulster Savings Bank* v. *28 Brynwood Lane, Ltd.*, 134 Conn. App. 699, 711, 41 A.3d 1077 (2012); see also *American Heritage Agency, Inc.* v. *Gelinas*, 62 Conn. App. 711, 722, 774 A.2d 220 ("[t]he trial court enjoys broad discretion in determining whether the promotion of public policy and the preservation of the courts' integrity dictate that the clean hands doctrine be invoked" [internal quotation marks omitted]), cert. denied, 257 Conn. 903, 777 A.2d 192 (2001).

As the majority sets forth, it is the party seeking to invoke the doctrine of unclean hands who has the burden of demonstrating that "his opponent engaged in

wilful misconduct with regard to the matter in litigation." (Internal quotation marks omitted.) *American Heritage Agency, Inc.* v. *Gelinas*, supra, 62 Conn. App. 722. The majority further acknowledges that "[w]ilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . Not only the action producing the injury but the resulting injury also must be intentional." (Internal quotation marks omitted.) *19 Perry Street, LLC* v. *Unionville Water Co.*, 294 Conn. 611, 630–31 n.10, 987 A.3d 1009 (2010). Our appellate courts previously have recognized that "as a general matter, summary judgment is considered inappropriate when an individual's intent and state of mind are implicated. . . . At the same time, even with respect to questions of . . . intent . . . the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact. . . . When a party opposing a motion for summary judgment has failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact concerning intent, summary judgment is appropriate." (Citations omitted; internal quotation marks omitted.) *Tuccio Development, Inc.* v. *Neumann*, 114 Conn. App. 123, 130, 968 A.2d 956 (2009); see also *Wadia Enterprises, Inc.* v. *Hirschfeld*, 224 Conn. 240, 250, 618 A.2d 506 (1992). "The summary judgment rule would be rendered sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." (Internal quotation marks omitted.) *Voris* v. *Middlesex Mutual Assurance Co.*, 297 Conn. 589, 603, 999 A.2d 741 (2010).

Applying these legal principles, I would conclude that the defendant has failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact that the plaintiff, U.S. Bank National Association, as trustee, "engaged in willful misconduct with regard to the matter in litigation"; *American Heritage Agency, Inc.* v. *Gelinas*, supra, 62 Conn. App. 722; such that "the promotion of public policy and the preservation of the courts' integrity dictate that the clean hands doctrine be invoked." (Internal quotation marks omitted.) *Monetary Funding Group, Inc.* v. *Pluchino*, 87 Conn. App. 401, 407, 867 A.2d 841 (2005). In support of its conclusion that the defendant raised a genuine issue of material fact as to whether the plaintiff engaged in wilful misconduct, the majority relies on (1) the "plaintiff's failure to establish that it adhered to the [United States] Treasury Department's directives, which appear to encourage that final determinations on whether to offer the borrower a loan modification be made before the end of the [trial period plan (TPP)]" and (2) an unexplained notation in the plaintiff's records

that would appear to show that the defendant's loan modification was internally approved. The evidence submitted, however, is devoid of any basis from which a fact finder could infer that the plaintiff engaged in intentional conduct designed to injure the defendant. I do not believe that the identification of an inconsistent notation of the status of the defendant's application is sufficient to demonstrate a genuine issue of material fact as to wilful misconduct, particularly where wilful misconduct requires that the action producing the injury and the resulting injury be intentional. I would therefore conclude that the trial court properly rejected the defendant's unclean hands special defense.

## II

I further disagree with the majority that the defendant's breach of contract special defense is legally insufficient. The majority rests this conclusion on its determination that the defendant failed to allege that she maintained her financial eligibility for a loan modification under the federal Home Affordable Modification Program (HAMP). Thus, according to the majority, the defendant failed to allege full performance, rendering the special defense legally insufficient. I begin by noting that I do not believe this court should analyze the sufficiency of the defendant's pleading for the first time on appeal because the parties have not briefed the sufficiency of the pleadings, but instead argue only as to whether a genuine issue of material fact exists. I would decide the defendant's appellate claim as briefed by the parties and would conclude that the defendant has raised a genuine issue of material fact as to her breach of contract special defense.

A review of the record reveals that the plaintiff was fully apprised of the issues implicated by the defendant's breach of contract special defense, including the defendant's continued eligibility for HAMP. "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed . . . ." (Internal quotation marks omitted.) *Noonan* v. *Noonan*, 122 Conn. App. 184, 190, 998 A.2d 231, cert. denied, 298 Conn. 928, 5 A.3d 490 (2010). Indeed, in its memorandum of law in support of its motion for summary judgment, the plaintiff argued, on the basis of the documentary evidence before the court, that the defendant "did not qualify for the permanent HAMP modification offered in the trial plan."[2] The trial court concluded that the undisputed facts showed that the defendant was obligated to pay the monthly TPP amount at a minimum and, consequently, there was no new consideration to support the modification of an agreement. We expressly reject that finding in part II of the majority opinion. In its appellate brief, the plaintiff argues, as it did before the trial court, that the defendant's failure to maintain her eligibility for HAMP

"resulted in the nonissuance of a permanent modification." The plaintiff's arguments before this court and the trial court demonstrate that it was apprised that the defendant's continued eligibility for HAMP was an issue raised by the defendant's breach of contract special defense.

Moreover, the plaintiff, briefing the breach of contract special defense together with the breach of contract counterclaim, does not argue that the special defense is legally insufficient in contrast to the counterclaim. The majority sua sponte conducts an independent review of the sufficiency of the allegations contained in her special defense and finds such allegations legally insufficient due to a failure to allege "full performance . . . ." I would address, instead, the issue as briefed, i.e., whether the defendant has carried her burden of demonstrating a genuine issue of material fact as to whether she continued to meet HAMP eligibility requirements. I would reach the conclusion that we ultimately reach in part II of the majority opinion, which is that she has demonstrated such a genuine issue of material fact.

For these reasons, I respectfully concur in part and dissent in part.

[1] Because we determine that the trial court improperly rendered summary judgment, I would decline to address the defendant's claims regarding her remaining special defenses. See *Wykeham Rise, LLC* v. *Federer*, 305 Conn. 448, 479 n.30, 52 A.3d 702 (2012) (reversing summary judgment and declining to reach defendants' claim that trial court improperly rejected their special defenses of waiver and unclean hands, noting that summary judgment decision, having been reversed, "presents no jurisdictional bar to the defendants' assertion of these special defenses on remand").

[2] In its memorandum of law in reply to the defendant's opposition to the summary judgment motion, the plaintiff argued, in a combined section addressing the defendant's breach of contract special defense and breach of contract counterclaim, that the defendant's breach of contract claims failed on two grounds. First, the plaintiff argued that "[b]ecause the alleged final loan modification documents were never offered or delivered to [the] defendant or mutually assented to, they cannot form the basis of a binding, enforceable contract." Second, the plaintiff argued that the defendant provided no consideration to the plaintiff in exchange for the alleged modification agreement.