KENNETH YANCEY *v.* CONNECTICUT LIFE AND
CASUALTY INSURANCE COMPANY
(AC 21088)

Lavery, C. J., and Schaller and Dranginis, Js.

Argued October 22, 2001—officially released March 5, 2002

*John R. Williams,* for the appellant (plaintiff).

*David P. Friedman,* with whom, on the brief, was
*Sarah W. Poston,* for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Kenneth Yancey, appeals
from the judgment of the trial court rendered following
the granting of the defendant's motion for summary
judgment on the plaintiff's claim of wrongful termina-

tion.[1] The plaintiff claims on appeal that the trial court improperly concluded that the evidence he presented, including testimony regarding the defendant's alleged motive for terminating his employment, did not raise a genuine issue of material fact. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On September 16, 1996, the defendant, Connecticut Life and Casualty Insurance Company, hired the plaintiff as an at-will employee to be its director of sales and marketing. In his position as director of sales and marketing, the plaintiff was expected to "lead the sales and service functions to capitalize on all of [the defendant's] capabilities." Specifically, this position required the plaintiff, inter alia, to expand a telemarketing force able to add a significant number of new prospects annually, to acquire and train agents, to implement a control program to monitor effectively the efforts of all sales and service personnel, and to accomplish the growth rates as outlined in the plaintiff's compensation program. On September 30, 1996, the defendant terminated the plaintiff's employment after a total of two weeks.

The defendant's uncontroverted evidence established that during the two weeks in its employ, the plaintiff demonstrated a lack of skill with respect to not only his own responsibilities as a director, but also the basic skills required of the employees he was hired to train and supervise. The defendant asserts that it terminated the plaintiff's employment for that reason.

---

[1] The complaint contained two additional counts, intentional infliction of emotional distress and negligent infliction of emotional distress. The defendant filed a motion to strike those counts, which the court granted on June 22, 1999. After those two counts were stricken, the plaintiff did not replead. Therefore, because the remaining count has been disposed of by way of a motion for summary judgment, the plaintiff's appeal is taken from a final judgment. *Breen* v. *Phelps*, 186 Conn. 86, 91 n.7, 439 A.2d 1066 (1982).

On April 20, 1999, the plaintiff filed a three count revised complaint alleging wrongful termination in violation of various Connecticut public policies, intentional infliction of emotional distress and negligent infliction of emotional distress. On June 22, 1999, the court granted the defendant's motion to strike the second and third counts. See footnote 1. On June 7, 2000, the defendant moved for summary judgment on the remaining count. On July 24, 2000, the court granted the defendant's motion for summary judgment.

We begin by setting forth the appropriate standard of review of a trial court's decision to grant a motion for summary judgment. "On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Kroll* v. *Steere*, 60 Conn. App. 376, 380–81, 759 A.2d 541, cert. denied, 255 Conn. 909, 763 A.2d 1035 (2000).

"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Id., 380.

"A material fact is a fact that will make a difference in the outcome of the case. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380 [now § 17-45]. . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) *Reynolds* v. *Chrysler First Commercial Corp.*, 40 Conn. App. 725, 729, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996). With this standard in mind, we now determine whether the court's conclusion that the plaintiff failed to establish the existence of a genuine issue of material fact as to why he was terminated was legally and logically correct.

In alleging that his termination was not premised on unsatisfactory performance, but rather in retaliation for his protesting company policies and programs that were unlawful or contrary to the public policy of the state of Connecticut, we note that the plaintiff relies on the exception to the general rule regarding the termination of at-will employees. Generally, "contracts of permanent employment, or for an indefinite term, are terminable at will." *Sheets* v. *Teddy's Frosted Foods, Inc.*, 179

Conn. 471, 474, 427 A.2d 385 (1980). In *Sheets*, however, the court also "recognized a common law cause of action in tort for the discharge of an at will employee if the former employee can prove a demonstrably *improper* reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Emphasis in original; internal quotation marks omitted.) *Carbone* v. *Atlantic Richfield Co.*, 204 Conn. 460, 466–67, 528 A.2d 1137 (1987), quoting *Sheets* v. *Teddy's Frosted Foods, Inc.*, supra, 475. This exception has been narrowly construed. See *Battista* v. *United Illuminating Co.*, 10 Conn. App. 486, 497, 523 A.2d 1356, cert. denied, 204 Conn. 803, 525 A.2d 1352 (1987). For example, we have recognized a limitation on this exception in that the plaintiff must also be otherwise without a remedy. *Atkins* v. *Bridgeport Hydraulic Co.*, 5 Conn. App. 643, 648, 501 A.2d 1223 (1985).

To prevail on his claim under the *Sheets* exception, the plaintiff "has the burden of pleading and proving that his dismissal occurred for a *reason* violating public policy." (Emphasis added.) *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 679, 513 A.2d 66 (1986). "[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact. *Wadia Enterprises, Inc.* v. *Hirschfeld*, [224 Conn. 240, 250, 618 A.2d 506 (1992)]." (Internal quotation marks omitted.) *Reynolds* v. *Chrysler First Commercial Corp.*, supra, 40 Conn. App. 732.

The plaintiff argues that he raised a genuine issue of material fact in the affidavit that he filed in opposition to the motion for summary judgment. In particular, the plaintiff asserts that he raised an issue concerning the reason for his termination. The defendant responds that the affidavit in question asserted only vague conclusions, rather than specific issues of fact. The court

determined that the plaintiff failed to raise any reasonable legitimate factual questions in response to the defendant's motion and granted the motion for summary judgment on that ground.[2]

Our thorough review of the record reveals that the plaintiff has failed to present the necessary factual predicate to raise a genuine issue of fact under the *Sheets* exception, namely, that his dismissal occurred for a reason that violated public policy. The affidavits filed by the defendant detailed the plaintiff's deficient performance. In response, the plaintiff's affidavit, which consisted of a lengthy narrative, provided only vague generalizations concerning his dissatisfaction with the job and the defendant's alleged motive for discharging him. It did not supply the factual predicate necessary to support his contention that he was discharged for a demonstrably improper reason. We agree with the trial court's determination.

The uncontroverted evidence provided by the affidavits demonstrated that the defendant was entitled to judgment as a matter of law. Because the plaintiff failed to demonstrate the existence of a genuine issue of material fact, the trial court's decision to grant the motion for summary judgment was legally and logically correct.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The court's signed transcript provides in relevant part: "The plaintiff is an employee who was employed for a period of two weeks at will, which he knew. The defendant found his performance to be unsatisfactory for a variety of specific reasons. In response to that, in order to support his claim, the plaintiff makes such vague statements that, in the court's opinion, do not raise any reasonable legitimate factual questions in response to the position of the movant. For those reasons, the motion for summary judgment is granted."