## MARJORIE JONES *v.* H.N.S. MANAGEMENT COMPANY, INC., ET AL.
## (AC 25872)

Lavery, C. J., and Flynn and Harper, Js.

Submitted on briefs September 28—officially released November 1, 2005

*Ikechukwu Umeugo* filed a brief for the appellant (plaintiff).

*Everett E. Newton* and *Theresa M. Waugh* filed a brief for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Marjorie Jones, appeals from the trial court's rendering of summary judgment in favor of the defendant H.N.S. Management Company, Inc., as to the third count of the plaintiff's complaint.[1] The plaintiff claims that the court improperly rendered summary judgment because there were disputed material facts and because the court improperly found facts and failed to consider certain facts. We affirm the judgment of the trial court.

The following undisputed facts, gleaned from the pleadings and the evidence submitted by the parties in conjunction with the defendant's summary judgment motion and the plaintiff's opposition thereto,[2] are relevant to the disposition of this appeal. The plaintiff is a

---

[1] Prior to the filing of the motion for summary judgment by the defendant H.N.S. Management Company, Inc., as to count three, the remaining nine counts of the plaintiff's complaint were stricken due to their failure to state claims on which relief could be granted. See Practice Book § 10-39. Because all of the counts directed at the other defendant, Victor Marques, were among those stricken, he is not a party to this appeal, which concerns only the court's judgment as to count three. We therefore refer in this opinion to H.N.S. Management Company, Inc., as the defendant.

We note that, although the plaintiff declined to replead the stricken counts, there is no indication from the record that the court thereafter rendered judgment in favor of the defendant and Marques as to those counts. See Practice Book § 10-44. Nevertheless, because the remaining count has been disposed of by way of a motion for summary judgment, the plaintiff's appeal is taken from a final judgment. See *Yancey* v. *Connecticut Life & Casualty Ins. Co.*, 68 Conn. App. 556, 557 n.1, 791 A.2d 719 (2002), citing *Breen* v. *Phelps*, 186 Conn. 86, 91 n.7, 439 A.2d 1066 (1982).

[2] In support of its summary judgment motion, the defendant submitted, inter alia, the affidavit of Victor Marques, who was the plaintiff's immediate supervisor; a copy of an employee handbook; a workday journal kept by the plaintiff between January 22 and February 4, 2002, that was produced in discovery; a fitness for duty evaluation of the plaintiff performed by Peter E. Amato, a physician, dated March 6, 2002; a testing results report from HRP Associates, Inc., dated March 21, 2002; and the plaintiff's responses to certain interrogatories and requests for production. In support of her opposition to the motion, the plaintiff submitted her own affidavit and a medical evaluation from Mark Cullen, a physician, dated September 2, 2003.

longtime employee of the defendant and, before the events at issue, held the position of division secretary. On January 22, 2002, upon arriving at work, the plaintiff encountered odors from a room adjacent to her office that had been painted the day before. The plaintiff began to report experiencing various unpleasant symptoms[3] that she attributed to the paint odors. For approximately two weeks thereafter, the plaintiff complained about the odors making her ill, and she was permitted to work in different areas or with her door closed. The plaintiff, who continued to have problems, requested and was granted sick leave from February 4 through 12, 2002.

When the plaintiff returned to work on February 13, 2002, and still reported feeling ill from the paint odors, the defendant assigned her to a different area for the remainder of the month. During that time, the defendant commissioned testing of air and wall samples, which came back negative for toxins. On April 3, 2002, a physician who evaluated the plaintiff and reviewed the testing report opined that it was medically unlikely that the paint fumes were the cause of the plaintiff's symptoms.

The following day, the defendant reassigned the plaintiff to a different position in customer service, effective April 14, 2002. In his affidavit, the plaintiff's supervisor attested that, given the location of files, equipment and the persons that a division secretary must assist and support, it is necessary that the secretary work in the plaintiff's original office area. He stated that he "needed to again have a secretary that could completely perform the duties of [the plaintiff's] position" and that he "had to hire temporary workers on two different occasions to make up for work that [the

---

[3] In her complaint, the plaintiff alleged that she experienced "abdominal discomfort, diarrhea, nausea, headaches, fatigue, cramps, nose bleeds, emotional distress and liver problems."

plaintiff] was unable to complete while working remotely." In her affidavit, the plaintiff attested that she "was able to perform the functions of [her] previous job" at the time of her reassignment, but does not elaborate specifically how. She stated further that she had been "demot[ed] . . . without cause or justifiable reasons, and in violation of [the defendant's] own procedure as stated in its employee manual," and that such action amounted to a violation of an implied covenant of good faith and fair dealing.

In rendering summary judgment in favor of the defendant, the court found specifically that there was no evidence that the defendant had violated its policy manual or otherwise acted in bad faith, a necessary element of the plaintiff's claim. It noted that the plaintiff's affidavit largely consisted of inadmissible evidence and legal conclusions that the court could not properly consider in deciding the motion.

"The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *O'Connor* v. *Board of Education*, 90 Conn. App. 59, 67, 877 A.2d 860, cert. denied, 275 Conn. 912, 882 A.2d 675 (2005).

"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of sub-

stantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) *Anderson* v. *Schoenhorn*, 89 Conn. App. 666, 670, 874 A.2d 798 (2005).

"[A]ll employer-employee relationships not governed by express contracts involve some type of implied contract of employment." (Internal quotation marks omitted.) *Gaudio* v. *Griffin Health Services Corp.*, 249 Conn. 523, 532, 733 A.2d 197 (1999). Moreover, "[e]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . To constitute a breach of that covenant, the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith. . . . Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) *Alexandru* v. *Strong*, 81 Conn. App. 68, 80–81, 837 A.2d 875, cert. denied, 268 Conn. 906, 845 A.2d 406 (2004).

As she did in the trial court, the plaintiff argues on appeal that the defendant's bad faith in assigning her to a different position is evidenced by its failure to abide

by procedures purportedly contained in its employee manual. She cites a particular section of the manual governing performance reviews and asserts that it includes the following quoted provision: "Performance review (oral and written) should be provided. *Performance review needed before Demotion.*" (Emphasis in original.) The defendant, however, submitted the manual as evidence and correctly points out that the quoted language does not actually appear therein, and, further, that the manual does not address demotions at all. Although the plaintiff characterizes the parties' respective positions as a factual dispute, without an evidentiary foundation, the plaintiff's mere assertion of fact that the provision exists is "insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559, 864 A.2d 1 (2005). In short, the plaintiff's reliance on evidence that does not exist is unavailing.

The plaintiff also claims that there is a factual question as to whether she was able to perform her job at the time of her transfer, presumably arguing that the defendant's justification for its actions was disingenuous and thus evidences bad faith. As evidence that she could perform the job, the plaintiff refers to her bare statement in her affidavit that such was the case and also to a medical evaluation indicating that she had not experienced further reactions and that she was currently working and symptom free since her transfer.

As to the plaintiff's statement that she could perform her job, it is inadequate in that it does not include any elaboration on how that could have been accomplished, given her employer's explanation that the position required her to be present in a location that the evidence

showed she was unable to tolerate. "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) *Reynolds* v. *Chrysler First Commercial Corp.*, 40 Conn. App. 725, 729, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996). Expressions of the nonmovant's feelings and beliefs regarding the facts in issue are not sufficient. Id., 732–33. Regarding the medical report, even if it could be interpreted as stating that the plaintiff could work in her original office location, it is dated approximately one and one-half years subsequent to the events in question and, accordingly, does not speak to the plaintiff's condition at the time of her transfer. In any event, even if the problematic nature of the evidence put forth by the plaintiff were set aside and her assertion that she was able to perform her job was accepted as true, the defendant's action in transferring her still would not rise to the level of bad faith necessary to amount to a violation of the implied covenant of good faith and fair dealing.

The plaintiff's remaining claims are dependent on the quoted provision of the employee manual that does not exist and, as such, are meritless. In sum, in light of the absence of any evidence of bad faith, the rendering of summary judgment in favor of the defendant was warranted. See, e.g., *Alexandru* v. *Strong*, supra, 81 Conn. App. 81–82.

The judgment is affirmed.