TOBIAS C. ANDERSON *v.* GORDON, MUIR AND FOLEY, LLP, ET AL.
(AC 27984)

Bishop, DiPentima and Harper, Js.

Argued January 18—officially released June 17, 2008

*Tobias C. Anderson*, pro se, the appellant (plaintiff).

*Louis B. Blumenfeld*, with whom was *Lorinda S. Coon*, for the appellees (named defendant et al.).

*Opinion*

DiPENTIMA, J. The plaintiff, Tobias C. Anderson, appeals from the judgment of the trial court rendered following the granting of a motion for summary judgment in favor of the defendants Gordon, Muir & Foley, LLP (law firm), Peter Schwartz and R. Bradley Wolfe.[1] The plaintiff claims that summary judgment was improper because the defendants failed to meet their burden of proving that they were entitled to judgment as a matter of law. We affirm the judgment of the trial court.

The following facts and procedural history relevant to our disposition of the plaintiff's claim are not in dispute. In August, 1996, the plaintiff retained attorney Jon L. Schoenhorn[2] to represent him in connection with a petition for a writ of habeas corpus that the plaintiff previously had filed pro se.[3] In furtherance of his representation of the plaintiff, Schoenhorn acquired approximately thirteen boxes that contained materials from

[1] Schwartz and Wolfe, during the relevant time period, were partners of the law firm.

[2] Schoenhorn is also a defendant in this action. He is not a party to this appeal, however, because there has been no final judgment as to all counts against him in the complaint. See Practice Book §§ 61-1 and 61-3. Accordingly, references to the defendants in this appeal do not include Schoenhorn.

[3] The plaintiff was charged with and convicted of various crimes in the late 1980s. At the time of oral argument on this appeal, he remained in the custody of the commissioner of correction.

the trials and other proceedings that had resulted in the plaintiff's incarceration. Sometime thereafter, the attorney-client relationship deteriorated, and on November 27, 2000, the habeas court granted Schoenhorn permission to withdraw as the plaintiff's counsel.

By letter dated April 1, 2001, the plaintiff informed Schoenhorn that "[s]omeone from and/or associated with the public defender's office [would] pick up [the boxes in Schoenhorn's possession]." Schoenhorn responded by letter dated April 3, 2001, that he would "turn over the files to anyone from the public defender's office who contacts [him] on [the plaintiff's] behalf . . . ." On May 17, 2001, attorney Ellin A. M. Grenger left a message for Schoenhorn indicating that her employer, Scott W. Sawyer of the Sawyer Law Firm, LLC, had been appointed as the plaintiff's special public defender for his habeas petition. Grenger also requested that Schoenhorn send her an unspecified transcript but did not request that Schoenhorn send her the entire set of boxes in his possession. Schoenhorn, however, received no confirmation of Sawyer's appointment as the plaintiff's new attorney in the habeas matter.

In the meantime, Schoenhorn was served with a complaint that the plaintiff had filed against him, alleging that he had committed malpractice in connection with his representation of the plaintiff from August, 1996, to November, 2000.[4] In early June, 2001, Schoenhorn retained the defendants to represent him in the malpractice action and transferred possession of the boxes to the defendants, as his agents and counsel, for their use in defending the plaintiff's lawsuit and for safekeeping until the boxes were transferred to the plaintiff's new counsel in the habeas proceeding.

---

[4] The malpractice complaint also named as a defendant one of Schoenhorn's associates, Jeanne M. Zulick. Zulick is not a party to this appeal or to the present action.

On July 18, 2001, Grenger informed Schoenhorn and Schwartz, during a telephone conversation, that Sawyer might decline his appointment as the plaintiff's special public defender. At that time, Grenger requested that the defendants retain custody of the boxes until further notice. On approximately August 15, 2001, Schwartz received a letter from Sheila Butch, requesting that Schwartz send her certain cassette tapes that were contained in the boxes.[5] On September 12, 2001, Schwartz responded to Butch by telephone and explained that he could not release the cassette tapes to her without either a written authorization by the plaintiff or a court order. Schwartz never received any such authorization or order.

In early October, 2001, Schoenhorn received a letter from the public defender's office confirming Sawyer's appointment as the plaintiff's counsel in the habeas matter and requesting the transfer of the boxes to Sawyer. Less than one week later, Schoenhorn instructed the defendants to transfer the boxes and their contents to Sawyer. Before transferring the boxes to Sawyer, the defendants, through a copying service, TMG, Inc., made copies of the voluminous written documents in the boxes. The defendants retained the copies and transferred most of the boxes with the original documents to Sawyer on October 23, 2001. One remaining box with some of the plaintiff's personal items, which inadvertently had been left out of the initial delivery, was given to Sawyer on November 9, 2001.

On July 31, 2003, the plaintiff filed the forty-four count complaint underlying this appeal, alleging that Schoenhorn and the defendants committed acts of theft, larceny, conversion, negligence, breach of contract, tortious

[5] The plaintiff asserts that the cassette tapes were recordings of certain police interrogations of him. The plaintiff hired Butch to create a transcription of the cassette tapes for him.

interference with business expectancy, civil conspiracy and deprivation of the plaintiff's civil rights under 42 U.S.C. §§ 1983 and 1985 (3), all in connection with the defendants' possession of the boxes between May 17 and November 9, 2001. On November 15, 2005, the defendants and Schoenhorn filed a revised motion for summary judgment as to all remaining counts of the complaint.[6] By memorandum of decision on May 12, 2006, the court, *Keller, J.*, granted the motion for summary judgment on counts eleven through sixteen, counts twenty-five through thirty, counts thirty-two through thirty-six and counts thirty-nine through forty-four. On June 1, 2006, the defendants and Schoenhorn filed a motion to reargue the motion for summary judgment as to counts one through ten, counts nineteen through twenty-four and count thirty-one. On June 7, 2006, the court granted the motion as to all remaining counts except count thirty-one and scheduled a hearing for reargument on July 17, 2006. By memorandum of decision on July 25, 2006, the court granted the motion for summary judgment as to counts one through ten and nineteen through twenty-four, leaving count thirty-one as the sole remaining count of the complaint. The

---

[6] On January 7, 2004, the court, *Stengel, J.*, struck the plaintiff's claims under 42 U.S.C. §§ 1983 and 1985, specifically, counts seventeen and eighteen against Schwartz and counts thirty-seven and thirty-eight against Schoenhorn. On April 8, 2004, Schoenhorn and the defendants filed their original motion for summary judgment as to counts one through sixteen and counts nineteen through thirty-six. The revised motion for summary judgment, filed on November 15, 2005, added the remaining counts not included in the April 8, 2004 motion, counts thirty-nine through forty-four.

We note that the plaintiff declined to replead the stricken counts, and there is no indication from the record that the court thereafter rendered judgment in favor of Schwartz and Schoenhorn as to those counts. See Practice Book § 10-44. Nevertheless, because the court disposed of the remaining counts against Schwartz by way of a motion for summary judgment and the plaintiff has elected not to replead counts seventeen and eighteen, the plaintiff's appeal is from a final judgment as to Schwartz. See *Jones* v. *H.N.S. Management. Co.*, 92 Conn. App. 223, 224 n.1, 883 A.2d 831 (2005), citing *Yancey* v. *Connecticut Life & Casualty Ins. Co.*, 68 Conn. App. 556, 557 n.1, 791 A.2d 719 (2002).

plaintiff now appeals from the judgment rendered in favor of the defendants on counts one through sixteen and counts nineteen through twenty-four of the complaint.[7]

The plaintiff claims on appeal that the court's May 12 and July 25, 2006 decisions granting the motion for summary judgment in favor of the defendants were improper. Specifically, the plaintiff argues that the court improperly concluded that (1) the defendants were entitled to summary judgment as to the counts of conversion and civil conspiracy to commit conversion notwithstanding that the plaintiff did not expressly authorize the defendants to obtain possession of the boxes, (2) Schoenhorn was authorized under the Rules of Professional Conduct to transfer the boxes to the defendants, as his agents and counsel, notwithstanding the confidential nature of their contents, (3) the plaintiff failed to provide an evidentiary foundation in support of his claim that no such authority existed and (4) proof of conversion is a necessary predicate to the plaintiff's claims of larceny and statutory theft. The plaintiff further argues that the court's denial of summary judgment as to count thirty-one, on the ground that there remained a factual dispute as to the existence and terms of a contract between the plaintiff and Schoenhorn, is inconsistent with the granting of the motion for summary judgment as to all other counts. We are not persuaded by the plaintiff's arguments.

The standard of review governing the plaintiff's claim is well settled. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted

---

[7] Because no final judgment has been rendered as to Schoenhorn; see footnote 2; we do not address the counts in the complaint directed toward him, namely, counts twenty-five through forty-four. Further, the plaintiff raises no claim on appeal that the court improperly struck counts seventeen and eighteen. See footnote 6.

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, 284 Conn. 193, 198, 931 A.2d 916 (2007). "The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." (Internal quotation marks omitted.) *Ramirez* v. *Health Net of the Northeast, Inc.*, 285 Conn. 1, 11, 938 A.2d 576 (2008). "A material fact is a fact that will make a difference in the result of the case." (Internal quotation marks omitted.) *McKinney* v. *Chapman*, 103 Conn. App. 446, 450, 929 A.2d 355, cert. denied, 284 Conn. 928, 934 A.2d 243 (2007).

"[T]ypically [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . Moreover, [t]o establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine

issue as to any material fact." (Internal quotation marks omitted.) Id., 451. "As required by Practice Book § 17-46, [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." (Internal quotation marks omitted.) *Chadha* v. *Charlotte Hungerford Hospital*, 97 Conn. App. 527, 538–39, 906 A.2d 14 (2006).

"On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, supra, 284 Conn. 199.

In support of their motion for summary judgment, the defendants and Schoenhorn submitted affidavits, with attached exhibits, from Schoenhorn, Schwartz, Wolfe, Grenger and Christine L. Chipman, an attorney employed by the law firm. In response, the plaintiff submitted his affidavit with attached exhibits. Our review of the record, including the affidavits submitted by the parties and responses to interrogatories and to requests for admissions, reveals that none of the material facts in this case is in dispute. The plaintiff's arguments focus instead on the legal conclusions drawn by the court. In its May 12 and July 25, 2006 memoranda of decision, the court separately addressed each of the forty-four counts of the plaintiff's complaint. The plaintiff has not persuaded us that the court's legal conclusions are either legally and logically incorrect or are

not supported by the material facts as set forth in its May 12 and July 25, 2006 memoranda of decision.

In addition, we find no merit in the plaintiff's argument that the court's finding of a genuine issue as to the existence and terms of a contract between the plaintiff and Schoenhorn was inconsistent with its legal conclusion that the defendants' possession of the boxes was not unauthorized, wrongful, in breach of contract or otherwise improper. In other words, the plaintiff contends that if Schoenhorn breached an implied contract with him, that breach necessarily must be imputed to Schoenhorn's agents, the defendants. "[I]t is a general rule of agency law that the [principal] in an agency relationship is bound by, and liable for, the acts in which his agent engages with authority from the principal, and within the scope of the agent's employment." (Internal quotation marks omitted.) See *Hudson United Bank* v. *Cinnamon Ridge Corp.*, 81 Conn. App. 557, 572–73, 845 A.2d 417 (2004). The plaintiff cites no authority, however, and we are aware of none, in support of his proposition that an agent is bound by, and liable for, a principal's independent actions. Accordingly, we conclude that the court properly granted the defendants' motion for summary judgment with respect to counts one through sixteen and counts nineteen through twenty-four.

The judgment is affirmed.

In this opinion the other judges concurred.