******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, TRUSTEE *v.* WALTER J. LEWIS, JR., ET AL.
## (AC 39985)

Lavine, Moll and Flynn, Js.

*Syllabus*

The plaintiff, C Co., sought to foreclose a mortgage on certain real property owned by the defendant L, following L's default on his mortgage payments and failure to cure the default. Prior to trial, L requested to participate in the foreclosure mediation program, but the parties were unsuccessful in reaching an amicable resolution. In response to C Co.'s amended complaint, L filed an answer and special defenses. Thereafter, C Co. filed a motion for summary judgment as to liability. In support of its motion, C Co. submitted a copy of the note and mortgage and an affidavit of its servicing agent's contested foreclosure specialist, stating that C Co. is the holder of the note and mortgage and that L defaulted on his payments. L filed an objection to the motion for summary judgment on the ground that there was a genuine issue of material fact as to whether the mortgage was valid because the signature purporting to be his on the mortgage had been forged. In support of his objection, L attached an affidavit in which he stated that he had reviewed the mortgage submitted in connection with the motion for summary judgment and that he had not signed the mortgage. The trial court granted the motion for summary judgment as to liability, concluding first that L had abandoned his special defenses because in his objection he did not dispute the evidence presented by Co. and contested only the validity of the mortgage. In addition, the court concluded that L's affidavit was insufficient to create a genuine issue of material fact with regard to the validity of the mortgage given his explicit and implicit recognition that the mortgage was valid. The court reasoned that during his 2011 bankruptcy proceeding, L had made two judicial admissions that the mortgage was valid and that L's participation in the foreclosure mediation program constituted an implicit recognition of the validity of the mortgage. Following the assignment of the subject mortgage to W Co., the trial court granted C Co.'s motion to substitute W Co. as the plaintiff. Thereafter, the trial court granted W Co.'s motion for a judgment of strict foreclosure and rendered judgment thereon. On L's appeal to this court, *held* that the trial court improperly granted C Co.'s motion for summary judgment as to liability, as a genuine issue of material fact existed as to whether the signature on the subject mortgage was that of L: L's statements in his affidavit in support of his opposition to the motion for summary judgment that he had reviewed the mortgage submitted in connection with the motion and that he had not signed the mortgage contradicted the evidence submitted by C Co. in support of its motion that he had executed and delivered a valid mortgage, called into question the validity of the mortgage and gave rise to a genuine issue of material fact as to the authenticity of the signature on the mortgage, and contrary to W Co.'s contention that the trial court properly deemed L's statements in his 2011 bankruptcy proceeding to be judicial admissions that were binding on the court, because those statements did not occur in the context of the present proceeding, they were not judicial admissions but, instead, were evidentiary admissions to be accepted or rejected by the trial court; moreover, the trial court improperly considered L's participation in the foreclosure mediation program as admissible evidence relating to the issue of the validity of the mortgage, as the statute (§ 49-31*l* [c] [8]) governing the foreclosure mediation program makes clear that a party's participation in the program does not result in a waiver of any rights of the mortgagee or mortgagor.

Argued May 14—officially released September 11, 2018

*Procedural History*

Action to foreclose a mortgage on certain of the

named defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the court, *Aurigemma, J.*, granted the plaintiff's motion for summary judgment as to liability; thereafter, Wilmington Savings Fund Society, FSB, as trustee for Normandy Mortgage Loan Trust, Series 2015-17, was substituted as the plaintiff; subsequently, the court granted the substitute plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, from which the named defendant appealed to this court. *Reversed*; *further proceedings*.

*Albert L. J. Speziali*, with whom, on the brief, was *Francis R. Sablone*, for the appellant (named defendant).

*Andrea C. Sisca*, with whom was *Michael J. Jones*, for the appellee (substitute plaintiff).

*Jeffrey Gentes* filed a brief for the Connecticut Fair Housing Center as amicus curiae.

*Opinion*

MOLL, J. The defendant, Walter J. Lewis, Jr., who is also known as Walter J. Lewis,[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the substitute plaintiff, Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-17 (substitute plaintiff). On appeal, the defendant claims that the court improperly rendered summary judgment, as to liability only, in favor of the named plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-17 (original plaintiff), because a genuine issue of material fact exists as to whether the signature on the mortgage is his. We agree and reverse the judgment of the trial court.

The following background is relevant to this appeal. On April 15, 2014, the original plaintiff commenced this foreclosure action against the defendant. In its amended complaint, the original plaintiff alleged the following. On or about September 14, 2005, the defendant executed and delivered a note to First National Bank of Arizona in the principal amount of $500,000. On that same date, the defendant executed and delivered to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First National Bank of Arizona, a mortgage on property located at 21 Brush Hill Road in Clinton (subject property). The mortgage was assigned to Bank of America, N.A., in February, 2012, and thereafter assigned to the original plaintiff. The defendant defaulted on his mortgage payments and failed to cure the default. The original plaintiff elected to accelerate the balance due on the note and to foreclose the mortgage on the subject property.

On May 19, 2014, the defendant requested to participate in the foreclosure mediation program. The defendant participated in the mediation program, and the parties were unsuccessful in reaching an amicable resolution. On April 9, 2015, the defendant filed an answer and special defenses, as well as a disclosure of defenses. He raised four special defenses: unclean hands, estoppel, fraud, and breach of the covenant of good faith and fair dealing.

On June 10, 2015, the original plaintiff filed a motion for summary judgment against the defendant as to liability only. In support of its motion, the original plaintiff submitted, inter alia, a copy of the note and the mortgage and an affidavit of Robert Raulerson, a contested foreclosure specialist for the original plaintiff's servicing agent, stating that the original plaintiff is the holder of the note and the mortgage and that the defendant defaulted on his payments. On July 2, 2015, the defendant filed an objection to the motion for summary judgment in which he argued that there was a genuine issue

of material fact as to whether the mortgage was valid. He contended that the signature purporting to be his on the mortgage at issue had been forged. He also claimed that the mortgage was recorded on December 18, 2006, more than one year after the mortgage allegedly was executed, i.e., September 14, 2005. In support of his objection, the defendant attached an affidavit in which he stated that he reviewed the mortgage submitted in connection with the motion for summary judgment and that he had not signed the mortgage. He further attested that the attorney who allegedly took his acknowledgement on the mortgage engaged in a fraudulent mortgage scheme in December, 2006, and January, 2007, during which time the mortgage at issue was recorded, was convicted of crimes relating to mortgage fraud and had been suspended from the practice of law.

On November 6, 2015, the original plaintiff filed a reply to the defendant's objection, essentially arguing that the defendant was precluded from challenging the validity of the mortgage. Specifically, it argued that the defendant filed for chapter 11 bankruptcy in August, 2011, and listed as a creditor in his bankruptcy petition the loan servicer for the mortgage at issue. The original plaintiff also argued that during a meeting of creditors, the defendant had admitted that there was a mortgage on the subject property and that he had retained the attorney whose acknowledgment appeared on the mortgage. It asserted that the foregoing representations constituted judicial admissions that the mortgage was valid.

On January 7, 2016, the court issued its decision granting the original plaintiff's motion for summary judgment, as to liability only, against the defendant. The court first concluded that the defendant had abandoned his special defenses because in his objection he did not dispute the evidence presented by the original plaintiff and contested only the validity of the mortgage. With regard to the validity of the mortgage, the court stated that during the defendant's 2011 bankruptcy proceeding, the defendant made two judicial admissions that the mortgage was valid, and that his affidavit was not sufficient to overcome those binding admissions. The court also reasoned that the defendant's participation in the foreclosure mediation program constituted an implicit recognition of the validity of the mortgage. The court thereupon concluded that the defendant's affidavit, in which he attested that the signature on the mortgage is not his, was insufficient to create a genuine issue of material fact given his explicit and implicit recognition that the mortgage was valid.[2]

On May 20, 2016, the original plaintiff filed a motion to substitute, in which it stated that it had assigned the mortgage to the substitute plaintiff, and attached thereto a copy of the assignment. On June 6, 2016, the court granted the motion to substitute. On December

5, 2016, the substitute plaintiff filed a motion for a judgment of strict foreclosure. On December 19, 2016, the court granted the motion, determined the amount of debt, and set the law day as January 23, 2017. This appeal followed.

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . Finally, the scope of our review of the trial court's decision to grant the plaintiff's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 312–13, 77 A.3d 726 (2013).

"In order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. . . . Thus, a court may properly grant summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense." (Internal quotation marks omitted.) *Bank of America, N.A.* v. *Aubut*, 167 Conn. App. 347, 359, 143 A.3d 638 (2016).

The defendant claims that the court improperly granted the original plaintiff's motion for summary judgment because a genuine issue of material fact exists as to whether his signature on the mortgage was forged. He contends that his affidavit, filed in connection with his objection, in which he attested that the signature on the mortgage is not his, was sufficient to demonstrate the existence of a genuine issue of material fact regarding the authenticity of the signature. In contrast, the substitute plaintiff argues that the court properly determined that there was no genuine issue of material fact as to the validity of the mortgage. The substitute plaintiff further argues that the fact that the defendant signed

a foreclosure mediation certificate in which he represented that his primary residence was subject to the mortgage and participated in mediation in an attempt to negotiate a short sale supports the court's determination that the defendant implicitly recognized that the mortgage was valid.[3] We agree with the defendant.

"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) *Yancey* v. *Connecticut Life & Casualty Insurance Co.*, 68 Conn. App. 556, 559, 791 A.2d 719 (2002). Here, the defendant provided an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.

In his affidavit, the defendant contradicted the evidence submitted by the original plaintiff in support of its motion for summary judgment that he had executed and delivered a valid mortgage, namely, the note, the mortgage and an affidavit from the original plaintiff's loan servicer attesting that the defendant had executed the mortgage. In his affidavit, the defendant stated that he "reviewed the mortgage attached to the plaintiff's memorandum of law," and "[t]he signature that appears on that mortgage is not mine; I did not sign it." The foregoing statements call into question the validity of the mortgage and give rise to a genuine issue of material fact as to the authenticity of the signature on the mortgage.

The substitute plaintiff argues that a mortgage containing an unauthorized signature is not automatically deemed a nullity but is enforceable under certain circumstances. Whether the mortgage is enforceable under the circumstances of the present case is a factual issue reserved for the trier of fact.

Although the substitute plaintiff argued in its brief to this court that the trial court properly deemed the defendant's statements in his 2011 bankruptcy proceeding to be judicial admissions binding on the court, the parties now agree that such statements were not judicial admissions but, rather, were evidentiary admissions.[4] We agree. Because the defendant's statements in the bankruptcy proceeding did not occur in the context of the present proceeding, they are evidentiary admissions to be accepted or rejected by the trier of fact. "Judicial admissions are conclusive only in the judicial proceeding in which made. . . . In subsequent proceedings such prior judicial admissions are merely evidentiary admissions, to be used as evidence to prove a matter in dispute in the subsequent trial." C. Tait & E. Prescott, Connecticut Evidence (5th Ed. 2014) § 8.16.3, p. 530; see also *Straw Pond Associates, LLC* v. *Fitzpatrick, Mariano & Santos, P.C.*, 167 Conn. App. 691, 707–708, 145 A.3d 292, cert. denied, 323 Conn. 930, 150 A.3d 231 (2016).

Moreover, we conclude that the court improperly considered the defendant's participation in the foreclosure mediation program as admissible evidence relating to the issue of the validity of the mortgage. General Statutes § 49-31*l* (c) (8), which governs the foreclosure mediation program, makes clear that a party's participation in the foreclosure mediation program does not result in a waiver of any rights of the mortgagee or mortgagor. Specifically, that subdivision provides: "None of the mortgagor's or mortgagee's rights in the foreclosure action shall be waived by participation in the foreclosure mediation program." General Statutes § 49-31*l* (c) (8). Simply put, holding participation in the foreclosure mediation program against a mortgagor by restricting his or her ability to contest the validity of the mortgage would run afoul of the plain language of § 49-31*l* (c) (8) and would contravene the public policy of promoting foreclosure mediation.

In sum, we conclude that the trial court improperly granted the motion for summary judgment as to liability only, as a genuine issue of material fact exists as to whether the signature on the mortgage is that of the defendant.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] The complaint also named as defendants Santander Bank, N.A., formerly known as Sovereign Bank, National Association, formerly known as Sovereign Bank; and Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. Lewis alone filed the present appeal. Accordingly, we refer to him as the defendant.

[2] On January 26, 2016, the defendant appealed from the court's granting of the motion for summary judgment. The original plaintiff filed a motion to dismiss the appeal for lack of a final judgment, and this court granted the motion.

[3] The substitute plaintiff also argues that the defendant did not properly raise the issue of forgery by way of a special defense. The substitute plaintiff did not characterize this claim as an alternative ground for affirmance but raised it in its brief filed in this court, and the defendant responded to the argument in his reply brief. "Given the fact that neither party would be prejudiced by our doing so, we treat [this claim] as if [it] had been properly raised as . . . [an] alternate [ground] for affirmance." (Internal quotation marks omitted.) *Gerardi* v. *Bridgeport*, 294 Conn. 461, 466, 985 A.2d 328 (2010). In paragraph 4 of its amended complaint, the original plaintiff asserted that the defendant executed and delivered to MERS a mortgage on the subject property. In his answer, the defendant denied the allegations in paragraph 4 of the amended complaint. We conclude that the defendant's denial of the substitute plaintiff's allegation that he had executed the mortgage was sufficient in this case. See Practice Book § 10-50 ("No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . .").

[4] The substitute plaintiff conceded this point during oral argument before this court.